820 F.2d 405
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harley G. MCWHORTER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-4003.
 United States Court of Appeals, Sixth Circuit.
 June 3, 1987.
 
 Before MARTIN, MILBURN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Harley McWhorter applied for disability benefits under the Social Security Act. His application was denied after an evidentiary hearing before an Adminstrative Law Judge ("ALJ") and review by the Appeals Council. The district court found that there was substantial evidence to support the Secretary's determination that McWhorter was not disabled, based on the magistrate's report and recommendation. After consideration of the briefs and medical records, we find that the Secretary's decision was supported by substantial evidence and accordingly affirm the judgment of the district court.
 
 
 2
 McWhorter was forty years old at the time of the hearing before the ALJ, had an eighth grade education, and past relevant work experience as a laborer and gas station attendant. He filed an application for benefits on September 10, 1981, alleging disability by reason of "Breathing, nerves and severe back problems," with an onset date of January 2, 1978. McWhorter last met the special earnings requirement for insured status on December 31, 1978. Therefore, although the ALJ considered medical evidence concerning McWhorter's condition after 1978, McWhorter is eligible for benefits only if he was disabled during 1978.
 
 
 3
 McWhorter had undergone a laminectomy and removal of a herniated disc in December 1972. Following the operation he was able to return to work and continued to work until at least 1977. Examinations by treating physicians, Tetsuo Tatsumi, M.D., in May 1977, and H.T. Bowman, M.D., in July 1977, showed some pain and muscle tenderness in the neck and lower back, but x-rays and myelography were negative. In June 1978, Albert Kostoff, M.D., reported that McWhorter had slight restriction of movement in the neck and lower back, with straight leg raising slightly restricted on the right. Kostoff reported no severe reflex abnormalities, sensory deficits, muscle weakness, or atrophy. An x-ray report from August 1978 stated that [t]he fourth lumbar space is narrowed. There is no sclerosis.... No spondylolisis [sic]. The bones of the spine and the remaining interspaces are otherwise normal." A lumbar myelogram done in October 1978 showed minimal disc narrowing at L4 to L5, and was essentially normal. Conservative treatment only was recommended.
 
 
 4
 McWhorter's condition deteriorated drastically in 1980 and 1981. He developed more severe degenerative disc disease with spinal stenosis and underwent two additional laminectomies in 1981 and 1983. He also developed heart problems and chronic obstructive pulmonary disease. However, the ALJ found that the medical evidence submitted concerning McWhorter's post-1978 condition failed to establish that he was disabled prior to December 1978.
 
 
 5
 McWhorter testified that he was unable to work in 1978 due to severe pain in his lower back and legs. The ALJ did not credit this testimony as it was not supported by objective medical evidence. The ALJ noted McWhorter's testimony that he does light housework, coaches a Little League baseball team, and goes bowling. The ALJ found that McWhorter did not have any impairment during 1978 which significantly affected his ability to perform work-related functions, and therefore did not have a severe impairment during the period he was insured.
 
 
 6
 Our scope of review of the Secretary's determinations of disability is extremely limited. The Secretary's determination must be upheld if it is supported by substantial evidence, such relevant evidence as a reasonable mind might find adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389 (1971). After reviewing the medical records, we find that there was substantial evidence supporting the ALJ's conclusion that McWhorter did not suffer from a severe impairment in 1978. The district court's opinion upholding the Secretary's denial of benefits is AFFIRMED.